IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIN HOLLENBECK,

    Petitioner,                      No. CIV S-02-0492 LKK JFM P

    vs.

GAIL LEWIS, et al.,                 ORDER AND

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the sentence of twenty-six years to life in prison sentence imposed following his 1995 conviction of one count of possession of 4.65 grams of methamphetamine. The jury found petitioner had been previously convicted of three prior violent felonies and one prior serious felony. Petitioner claims the trial court abused its discretion by failing to dismiss his prior serious or violent felony offenses and that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

        Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

1

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

/////

II. <u>Petitioner's Claims</u>

    A. <u>Failure to Strike Prior Convictions</u>

Petitioner first claims that the trial court abused its discretion under California Penal Code § 1385(a) when it declined, at the time of sentencing, to strike his prior felony convictions that arose in one case in the furtherance of justice.[1] On appeal, petitioner argued that the trial court based its decision almost entirely on petitioner's criminal history and failed to take into account mitigating factors, and twisted mitigating factors into aggravating ones. (Ex. A to Answer, Petitioner's Opening Brief at 19) Petitioner argued that all four of his felony convictions arose from one event. (<u>Id.</u> at 20.) Petitioner acknowledged his long history of drug addiction and the existence of authority holding that it may not be used as a factor in mitigation, <u>People v. Reid</u>, 133 Cal.App.3d 354, 370 (1982), but argued it should not be treated as a factor in aggravation. (Ex. A to Answer, Petitioner's Opening Brief at 21 & n. 5-6.) Finally, petitioner argued that the trial court failed to meet the criteria required by <u>People v. Superior Court (Romero)</u>, 13 Cal.4th 497, 529-30 (1996).

This claim essentially involves an interpretation of state sentencing law. As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." <u>Estelle</u>, 502 U.S. at 67. So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." <u>Makal v. State of Arizona</u>, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th

---

[1] California Penal Code § 1385 provides, in relevant part, "[t]he judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." The California Supreme Court has held that in cases charged under California's Three Strikes law, a court may exercise the power to dismiss prior convictions at the time of sentencing in the furtherance of justice. <u>People v. Superior Court (Romero)</u>, 13 Cal.4th 497, 529-30 (1996).

3

Case 2:02-cv-00492-LKK-JFM   Document 14   Filed 08/31/05   Page 4 of 11

Cir. 1994).

Under California's Three Strikes law, a defendant may be considered to have two prior strikes even though he was convicted of both qualifying offenses in a single judicial proceeding.  People v. Askey, 49 Cal.App.4th 381, 56 Cal.Rptr.2d 782, 785 (Ct.App.1996).

The state court record reflects that prior to the sentencing proceedings, petitioner's trial counsel filed four separate motions to strike petitioner's prior felony convictions, based on: cruel and unusual punishment and the State and Federal Constitutions (CT 166-77),  Penal Code § 667 enhancement on basis of ex post facto law prohibition (CT 178-83), Three Strikes law (CT 184-98), and allegation of Penal Code § 667(b) - (i) (CT 217-25.)  At the hearing on the motions, the judge declined to reduce petitioner's present offense to a misdemeanor and refused to strike the prior convictions. (RT 629; CT 255.)  The judge stated he had reviewed petitioner's criminal record and considered that petitioner had become more violent, had been using drugs since age 11, and had failed rehabilitation efforts.  (RT 629.)  In addition, the judge noted that shortly after petitioner was paroled from the serious felony convictions he was under the influence of methamphetamine at the time he was arrested and found to be in possession of 4.65 grams of methamphetamine, and the evidence suggested he was also in possession of a weapon, all while absconded on parole.  (RT 629-30.)  The judge commented that petitioner had not demonstrated anything in his background that would give the judge hope that petitioner had learned from his past encounters with the law.  (RT 630.)  These conclusions are not contrary to the facts in the trial record.

After reviewing Romero and People v. Williams, 17 Cal.4th 148,158 (1998), the California Court of Appeal found that in determining whether to strike a prior felony conviction, the court must determine whether the circumstances take the [petitioner] outside the spirit of the Three Strikes law."  (People v. Hollenbeck, slip op. at 9-10.)  The state court then reviewed the trial court's ruling for an abuse of discretion under a deferential standard.  (Williams, 17 Cal.4th at 162.)

4

1   In this case, a review of the trial court's discretion makes it abundantly clear that its decision must be affirmed under the deferential abuse of discretion standard.

First, the court was justified in denying [petitioner] relief based upon his lengthy criminal record because [petitioner's] commission of yet another felony within three months of his release on parole in 1994, following his conviction for four violent or serious felonies (which themselves followed 11 misdemeanor convictions), demonstrated that he was well within the spirit of the Three Strikes law.

Second, the trial court did not simply review [petitioner's] criminal record. It also considered "the particulars of his background, character, and prospects" as provided in *Williams*, *supra*, 17 Cal.4th at p. 161, including [petitioner's] education, drug history, job possibilities, and family history. The trial court found that [petitioner] was not sincere about curing his drug habit because he had failed to enroll in drug rehabilitation programs while in prison prior to the resentencing hearing. Instead, the court noted that [petitioner] was found in possession of inmate alcohol and had smuggled tobacco into the jail. The court commended [petitioner] for attempting to complete his general education diploma, but noted that he had failed to earn it. In light of [petitioner's] lengthy criminal record and the equivocal conclusions that can be drawn from his background and prospects, [petitioner] was not outside of the spirit of the Three Strikes law.

[Petitioner's] arguments to the contrary are unavailing. [Petitioner] complains that the court's decision "rested almost entirely upon his criminal history." But, as noted, the court did consider [petitioner's] background, character, and prospects, including his education and his failure to seek treatment for his drug addiction. As we read the transcript of the trial court's decision, it simply did not find that the other aspects of [petitioner's] background, character, and prospects took him outside the spirit of the Three Strikes law in light of his lengthy criminal record.

In *People v. Myers, supra*, 69 Cal.App.4th 305, the defendant argued that the trial court erred in refusing to strike any of his prior serious or violent felonies "because the court failed to weigh the relevant sentencing factors, including his age, the nature and circumstances of his current nonviolent offense and the remoteness of his prior offenses." (*Id.* at pp. 308-309.) Like the [petitioner] here, he charged "that the only factor actually considered by the court was 'violence, or the threat of violence involved in the prior strike convictions and the current offense' . . . ." (Id. at p. 309.) The Court of Appeal ruled that to reverse the trial court's decision, the defendant had to demonstrate that "the trial court's decision was irrational or arbitrary" and that "the fact that the court focused its explanatory comments on the violence and potential violence of

5

[defendant's] crimes does not mean that it considered only that factor." (*People v. Myers, supra*, 69 Cal.App.4th at pp. 309, 310.) Likewise, here, the fact that the court focused its explanatory comments on the [petitioner's] criminal record does not mean that it considered only that factor or that its decision was irrational.

[Petitioner] complains that the court "ignored abundant evidence . . . that [petitioner] had undergone fundamental change for the better." To the contrary, the trial court's detailed explanation of its rationale for its decision showed that it considered all the evidence presented on [petitioner's] behalf. The court simply found that the alleged improvement in [petitioner's] behavior was not credible. We note that the evidence of his changed attitude was based on the testimony of relatives and a clinical director of an alcohol and drug counseling program, who interviewed [petitioner] twice. The court was entitled to place more weight on [petitioner's] actions, including the fact that he continued to offend while absconding from parole, than on the testimony of relatives and of a drug treatment counselor who had two limited interviews with him. We are not permitted to reweigh the evidence in the manner advocated by [petitioner]. (Citation omitted.)

[Petitioner] argues that the court "ignored the critically important fact that the four [felony] convictions arose from the same transaction." But the court was aware of that fact: It recited that the four felonies arose when [petitioner] and others "robbed four other men in a residential apartment." Moreover, [petitioner] does not explain how the fact that the felony convictions arose out of a single circumstance takes [petitioner] outside the spirit of the Three Strikes law when they are part of a longer and continuing criminal record and are not remote in time.

[Petitioner] asserts that the court improperly used his drug addiction as an aggravating circumstance and claims that it cannot be so used. But the court did not use his drug addiction as an aggravating circumstance to increase his punishment; it simply noted that his lengthy drug history did not take him outside the spirit of the Three Strikes law. And there is no reason why it would. Indeed, in *People v. Reyes* (1987) 195 Cal.App.3d 957, 963-964, the court suggested that when a defendant's long-standing drug addiction or alcoholism plays a significant role in his criminal record and the defendant has failed to take the necessary steps to overcome his addiction, despite repeated opportunities (as here), the addiction is more properly used in aggravation than mitigation.

[Petitioner's] citation to *People v. Bishop* (1997) 56 Cal.App.4th 1245, is also unavailing. There, the Second Appellate District affirmed the trial court's decision to dismiss two of Bishop's strikes in the furtherance of justice on the grounds the strikes were remote (17 to 20 years old), the current offense for petty theft was nonviolent, and the resulting 12-year sentence would keep the 50-

6

1  year-old defendant in prison for a significant period of time. (*Id*. at pp. 1248, 1251.) But the decision in Bishop preceded Williams and thus was not informed by the correct standard: whether the circumstances placed defendant outside the spirit of the Three Strikes scheme. Further, the strikes here are not remote as in *People v. Bishop*. And finally, the Court of Appeal in *People v. Bishop* concluded that while "the People and perhaps even this court may be of the opinion that Bishop appears undeserving of leniency, the paramount consideration is not what the prosecution, defense or appellate court might conclude. Rather, what counts is what the trial court in this case concluded, as expressed by the reasons it stated under section 1385, subdivision (1). On this record, we cannot say that the trial court's decision to dismiss two of Bishop's strikes in furtherance of justice constituted an abuse of discretion." (*Id.* at p. 1251.) Thus, *Bishop* merely stands for the proposition that a trial court's lawful exercise of discretion to strike a prior conviction, based on different facts and a different standard than applied in this case, should not be reversed on appeal. *Bishop* also properly observes that it matters not that the appellate court might have decided the case differently in the first instance, but that it only matters whether the trial court's decision was an abuse of discretion.

We conclude that [petitioner] has not established that the trial court abused its discretion in any way.

(People v. Hollenbeck, slip op. at 10-15.)

The trial court's decision not to strike petitioner's prior felony convictions was not fundamentally unfair. This decision with respect to the application of state sentencing law is not contrary to or an unreasonable application of federal law and does not justify federal habeas relief. Further, after a careful review of the sentencing proceedings, this court finds no federal constitutional violation in the state trial judge's exercise of his sentencing discretion. Accordingly, petitioner is not entitled to relief on this claim.[2]

/////

/////

---

[2] If petitioner's sentence had been imposed under an invalid statute and/or was in excess of that actually permitted under state law, a federal due process violation would be presented. See Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which his conviction was based). However, petitioner has not made that showing here.

1        B. <u>Cruel and Unusual Punishment</u>

2            Petitioner claims that his sentence of twenty-six years to life in prison constitutes
3    cruel and unusual punishment in violation of the Eighth Amendment to the United States
4    Constitution. This claim was raised on direct appeal and rejected by the state court of appeal on
5    the ground that the sentence was not unconstitutionally cruel or unusual under either the
6    California State Constitution or the United States Constitution. (Ex. B to Answer to Petition for
7    Writ of Habeas Corpus, <u>People v. Hollenbeck</u>, No. C030659, slip op. at 15-23 (January 23,
8    2001).)

9            In <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), the United States Supreme Court
10   made clear that, in the context of an Eighth Amendment challenge to a prison sentence, the "only
11   relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of'
12   framework is the gross disproportionality principle, the precise contours of which are unclear,
13   applicable only in the 'exceedingly rare' and 'extreme' case." <u>Andrade</u>, 538 U.S. at 73 (<u>citing</u>
14   <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1001 (1991); <u>Solem v. Helm</u>, 463 U.S. 277, 290 (1983);
15   and <u>Rummel v. Estelle</u>, 445 U.S. 263, 272 (1980)). The <u>Andrade</u> Court concluded that two
16   consecutive 25-years-to- life sentences with the possibility of parole, imposed under California's
17   three-strikes law following two petty theft convictions with priors, did not amount to cruel and
18   unusual punishment. <u>Id.</u> at 77; <u>see</u> <u>also</u> <u>Ewing v. California</u>, 538 U.S. 11 (2003) (holding that a
19   sentence of 25 years to life imposed for felony grand theft under California's three-strikes law did
20   not violate the Eighth Amendment). "Outside the context of capital punishment, successful
21   challenges to the proportionality of particular sentences have been exceedingly rare." <u>Rummel</u>,
22   445 U.S. at 272.

23            In <u>Ramirez v. Castro</u>, 365 F.3d 755 (9th Cir. 2004), the United States Court of
24   Appeals for the Ninth Circuit held, post-<u>Andrade</u>, that a three strike sentence of twenty-five years
25   /////
26   /////

8

to life in prison for a third shoplifting offense, a "wobbler" under state law[3], constituted cruel and unusual punishment. In Rios v. Garcia, 390 F.3d 1082 (9th Cir. 2004), the court of appeals distinguished Ramirez, finding that the petitioner in Rios had a "lengthy criminal history," had "been incarcerated several times," and because the strikes used to enhance the petitioner's sentence had "involved the threat of violence." Id. at 1086.

Like the petitioners in Rios and Ramirez, in the instant case petitioner's commitment offense, possession of methamphetamine, is also a "wobbler" under California law. See Ferreira v. Ashcroft, 382 F.3d at 1051. The record reflects that petitioner's criminal history, however, including the strikes that support his sentence, were more similar to Rios than Ramirez. In 1991, petitioner was convicted of three counts of home invasion robbery and one count of residential burglary. (CT 205.) The 1991 conviction was enhanced by his possession and use of a shotgun. (CT 205.) In 1990, petitioner sustained two misdemeanor convictions for petty theft. (RT 205.) From 1987 to 1989, petitioner sustained two misdemeanor convictions for possessing a dangerous weapon (CT 203), three counts of misdemeanor battery (CT 203), one count of misdemeanor exhibition of a firearm (CT 204), one count misdemeanor obstructing an officer (CT 204). Unlike Rios, petitioner's strikes included violence, not just a threat of violence.

The record suggests that petitioner's commitment offense was a relatively minor offense, and arguably his criminal history relates to a longstanding narcotics addiction. However, as noted above, the circumstances under which a prison sentence violates the Eighth Amendment are "exceedingly rare." Given the legal authority that binds this court, petitioner's criminal history precludes a finding that his sentence violates the Eighth Amendment.

Finally, on March 12, 2003, petitioner filed a request that the court take judicial notice of Duran v. Castro, Case No. CIV S-00-0305 LKK JFM P. Petitioner's request will be granted. Fed. R. Civ. P. 201. Petitioner's request is unsupported by facts or argument.

---

[3] A "wobbler" is an offense that can be punished as either a misdemeanor or a felony under applicable law. See Ferreira v. Ashcroft, 382 F.3d 1045, 1051 (9th Cir. 2004).

Petitioner may have cited Duran because at the time of his request, the district court assigned to Duran's petition for writ of habeas corpus had granted Duran's claim that his sentence imposed under Three Strikes law violated the Eighth Amendment proscription against cruel and unusual punishment. Id. However, on July 10, 2003, the Court of Appeals for the Ninth Circuit reversed and remanded Duran's case to the district court. Id. Ultimately, Duran's petition for writ of habeas corpus was denied *in toto* on April 9, 2004.

Unfortunately for petitioner, the facts of Duran further support denial of the instant petition. Duran pled guilty to possession of 1.55 grams of heroin in exchange for a recommendation that he serve no more than twenty-five years to life in prison. (Duran v. Castro, CIV S-00-0305 LKK KJM P, March 12, 2004 Findings and Recommendations at 1.) Consistent with the plea agreement, Duran admitted he had suffered two prior serious felonies for kidnaping a child and his mother in 1989, and Duran was sentenced to twenty-five years to life. (Id.) After applying Lockyer v. Andrade, 538 U.S. 63 (2003) and Ewing v. California, 538 U.S. 11 (2003), the district court found that based on Duran's criminal record, it could not be reasonably disputed that Duran fell within the category of persons who have committed serious or violent felonies and who continue to commit felonies.[4] (Duran v. Castro, CIV S-00-0305 LKK KJM P, March 12, 2004 Findings and Recommendations at 4-5.)

For the foregoing reasons, the court will recommend that petitioner's application for a writ of habeas corpus be denied.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's March 12, 2003 request to take judicial notice is granted; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

---

[4] The possession of heroin charge on which Duran was convicted is a felony, although not characterized as a serious or violent crime. Cal. Health & Safety Code 11350(a); Cal. Pen. Code § § 667(d), 667.5(c).

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9 DATED:  August 29, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
holl0492.157